IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JOHN E. BECK and CHERYL A. BECK,  )   Civil No. 03-984-JE
                                  )
        Plaintiffs,               )
                                  )
        v.                        )   FINDINGS AND
                                  )   RECOMMENDATION
KAE HOWARD, dba KAE HOWARD        )
PROPERTY MANAGEMENT,              )
                                  )
        Defendant.                )
_____)

    Theodore M. Roe
    P.O. Box 82657
    Portland, OR 97282
        Attorney for Plaintiff

    Lisa A. Amato
    412 N.E. Royal Court
    Portland, OR 97232
        Attorney for Defendants

JELDERKS, Magistrate Judge:

FINDINGS AND RECOMMENDATION - 1

In a Judgment entered on March 3, 2005, the Honorable Ancer Haggerty awarded plaintiff John Beck attorney fees in the amount of $25,025, and awarded plaintiff Cheryl Beck attorney fees in the amount of $20,125. Plaintiff John Beck now seeks a supplemental attorney fees award in the amount of $6,125 for 35 hours expended securing his award of attorney fees. Plaintiff Cheryl Beck seeks a supplemental attorney fees award in the amount of $3,955 for 22.6 hours expended securing her award of attorney fees. The motions for awards of supplemental fees should be granted in part and denied in part as set out below.

## DISCUSSION

The background of this action is fully set out in a Findings and Recommendation dated February 1, 2005, addressing plaintiffs' requests for attorneys fees, and will not be repeated here. The standards for determining the appropriate amount of attorneys fees, which are equally applicable to plaintiffs' request for supplemental attorneys fees is likewise set out in the earlier Findings and Recommendation, and will not be repeated here.

Defendant contends that plaintiffs should not recover supplemental attorney fees for the time devoted to securing the original award of attorney fees because plaintiffs failed to comply with Local Rule (LR) 7.1(a), (c), and (e).

Defendant further contends that, if supplemental fees are allowed, they should only be awarded at the ratio between the attorney fees sought in the underlying action and the amount the court actually awarded.

Local Rule 7.1(a)(1) requires a moving party to certify that a good faith effort has been made to resolve the dispute, and LR 7.1(a)(2) permits the court to deny any motion that fails to meet that certification requirement. Local Rule 7.1(c) requires that every motion be accompanied by a separately filed memorandum, and LR 7.1(e) requires that, immediately following the certification required in LR 7.1(a)(1), the moving party concisely state the question to be decided.

Plaintiffs did not comply with the certification requirement, did not file a separate memorandum supporting their motion for supplemental attorney fees, and of course in the absence of a certification, did not concisely state the question to be decided. Though these failures have needlessly complicated resolution of the pending motions and added marginally to defendant's burden in responding, the motions for supplemental fees should not be denied as a consequence of these deficiencies. Instead, I recommend reducing the amount of supplemental fees awarded because plaintiffs' counsel devoted an unreasonable amount of time to the relatively

simple request for underlying attorney fees, and needlessly complicated the request by the manner in which he had recorded time expended on this action.

As noted in my earlier Findings and Recommendation, in preparing the underlying motions for attorney fees, plaintiffs' counsel divided time entries from his billing records, and allocated part of the time to each plaintiff. In the Findings and Recommendation, I noted that the separate submissions created confusion. The confusion created by the method in which plaintiffs' counsel recorded and allocated time devoted to plaintiffs' claims unnecessarily complicated resolution of plaintiffs' original motions for attorney fees, and required the filing of supplemental affidavits and arguments.

Plaintiffs now seek recovery of supplemental fees for more than 57 hours of time their counsel expended in litigating the original motions for attorney fees. That is simply an unreasonable amount of time for what should have been a relatively straightforward task.

As noted in the earlier Findings and Recommendation, in determining attorney fees, courts generally begin with a "lodestar" calculation, in which the number of hours reasonably devoted to a task is multiplied by a reasonable hourly rate. E.g., Moore v. Freeman, 355 F.3d 558, 565

FINDINGS AND RECOMMENDATION - 4

(6th Cir. 2004). In my earlier Findings and Recommendation, I concluded that a reasonable hourly rate for plaintiffs' attorney in this action is $175 per hour. Based upon my review of the time records submitted in support of the motions for supplemental attorney fees and my work on the needlessly complicated original motions for attorneys fees, I conclude that the work related to John Beck's motion for attorney fees could reasonably have been performed in 20 hours, and that the work related to Cheryl Beck's motion could reasonably have been performed in 15 hours. Plaintiffs should therefore recover $3,500 for work related to John Beck's request for attorney fees ($175 per hour x 20 hours) and should recover $2,625 for work related to Cheryl Beck's request for attorney fees ($175 per hour x 15 hours).

**CONCLUSION**

Plaintiffs' motions for an award of supplemental attorney fees should be granted in part and denied in part. Plaintiff John Beck's motion (# 38) should be GRANTED to the extent that he is awarded $3,500 in supplemental attorney fees, and plaintiff Cheryl Beck's motion (# 39) should be GRANTED to the extent she is awarded $2,625. The motions should be DENIED to the extent plaintiffs seek recovery of more than that amount.

A supplemental judgment should be entered awarding plaintiff John Beck $3,500 in attorney fees, and awarding plaintiff Cheryl Beck $2,625 in attorney fees.

**SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due June 14, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 26th day of May, 2005.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge